Hear ye, hear ye. This Honorable Appellate Court for the Second Judicial District is now open. The Honorable Robert D. McLaren presiding. Your Honors, the first case on the docket this morning is 2-21-0624, the people of the state of Illinois, Plaintiff Appellee, the Quentin James McKee Defendant Appellant. Arguing for the Appellant, Ms. Amaris Danak. Arguing for the Appellee, Mr. Adam Rodriguez. Thank you. Ms. Danak, you may proceed. Thank you, Your Honor. Good morning, Your Honors. May it please the Court and Council, my name is Amaris Danak with the Office of the State Appellate Defender and I represent Quentin McKee. My client, Quentin McKee, went to trial in this case pro se without the trial court ever having given him the admonishments he needed in order to make that decision. Courts have repeatedly found that the right to counsel is fundamental and will not lightly be deemed waived. There can be no proper waiver without admonishments and in this case, the trial court did not properly admonish. Council, can you address the threshold question, why don't the procedural forfeiture rules of People v. ENAC apply to this situation? Your Honor, in terms of Rule 401, the court held in People v. ENAC, essentially in order to require that a defendant object to the fact that he was not properly admonished, really runs counter to the purpose of the rule and it puts the onus and the burden on the defendant to know enough that he should have been properly admonished in order to object during the period of time when he would have had an opportunity to object to the admonishments. And so, because of that, courts have held that in the case of 401 admonishments, waiver does not apply based on the fact that it would be incongruent to require a defendant to object to his own admonishments or lack thereof. Does the defendant have any burden in this instance at all? At the end of the day, Your Honor, the burden isn't on the defendant to show that he had been properly admonished. Certainly on appeal, the defendant has the burden to show essentially how he was not properly admonished, where the trial court should have admonished him but didn't. This is essentially a de novo review as to whether the trial court properly applied the law with regard to its obligations for the admonishments. So what are you saying in summary? What were the deficiencies in the admonishments here? Yeah, so basically in sum, there were two different court dates. The first court date was not transcribed verbatim. We have no idea what actually was said to Mr. McKee. We don't know what the form of the admonishments were. At the second court date on August 20th, the court, he faced two misdemeanor charges. The court did not admonish him at all as to one of the class A misdemeanors, which was fleeing and alluding. With regard to the other charge, which was obstruction, the court did not advise him of the nature of the charge against him and did not advise him of the potential maximum sentences he could face, particularly the based on his record and the permissive way in which a judge could decide to do that. I mean, in this case, in terms of the fact that the court did not admonish him as to the second class A misdemeanor, it's possible, not just possible, it's likely that Mr. McKee waived his right to counsel, having no idea that he faced two class A misdemeanor charges. He may actually have gone to trial having no idea that he faced two class A misdemeanor charges. And so that really exemplifies why the admonishments were so deficient and why rule 401A and B really exist to prevent something like this from happening. You're saying it's both a legal and a logical matter. How would the defendant be able to ascertain that the admonishments were deficient? Absolutely, Your Honor. Okay. But when the trial occurred, didn't the judge actually identify each of the charges that he was facing? He did, Your Honor. He listed off the four charges that Mr. McKee faced, but he did not explain that two of those were misdemeanors. And in fact, for the purpose of the fleeing and eluding charge, which the court never even advised him he was facing before he counseled, the actual ticket that was written to him that served as the complaint in this case did not articulate that it was a class A misdemeanor. It would have expected the defendant to have known the actual statute or had some way to look up the statute or reason to look it up to know that that was a class A misdemeanor that was potentially punishable by time imprisonment. He didn't have copies of the complaints or the tickets? Your Honor, there's no indication in the record one way or another if he had copies of those. And even if he did, those would not excuse the lack of admonishments from the court. Essentially, there would be no reason for 401A to require the defendant to be advised as to the nature of the charges if it could just be easily substituted by a proper complaint. A complaint is necessary, but it's not sufficient in terms of the admonishments that are given to a defendant. What about his indication that he was looking for counsel? He wanted his own counsel because I think of some other issues that he may have had with the public defender? Judge, that is what the record would seem to suggest. There was one 15th date that we don't have a transcription for where he said that he wanted to try to obtain his own counsel. When the case was returned then on August 20th, he did say at that point that he was going to go pro se, whether that was because he didn't find counsel or he changed his mind. I believe it's not particularly clear as to the reason. Oops, sorry. And while we don't have what is apparently any sort of transcription of the two prior court dates, does the record reflect that there was any effort by your client to get a bystanders report or anything for those dates? No, Judge. There was no effort to have made a bystanders report. However, a bystanders report that's been held is not sufficient. It was in People v. Montgomery, which was a second district case by this court, finding that a bystanders report was not sufficient to comply with 401B's requirement for verbatim transcript because the burden of providing that transcript rests with the state and the state cannot place the burden of proving non-waiver on an independent. You claim that the judge didn't properly admonish relative to, at least you raise it in your reply brief, that just merely reading the complaint isn't sufficient, that there had to be some further elucidation or explanation. Is that correct? Yes. Yes, Your Honor, that's correct. And particularly in a case like this where the actual statute itself does not list out any kind of specific acts or nature of the charge itself. Is that being fleeing and eluding? Is that what you're talking about here? I apologize. That would be with regard to the obstruction. The fleeing and eluding was not, she did not mention, the court did not mention the fleeing and eluding charge at all, but with regard to the other charge, the obstruction, the court only said you're particular charge. You're saying if the defendant's charge was reckless driving, it would be insufficient for the court to simply say reckless driving because that could constitute a multitude of acts. Is that sort of what you're saying? Yes, Your Honor. Is there any citation to authority for that? Yes, Your Honor. Give me a minute. I'm happy to find it. Okay. Your Honor, in People v. Montoya, 94 LAP 3D6, it's an older case, but this court essentially noted with regard to the nature of the charge, in that case, the client was charged with criminal trespass to land and obstructing a peace officer, similarly to, in this case, obstructing a peace officer. The judge in Montoya found that simply saying obstructing a police officer did not conform to this requirement. The judge did not comment on the nature of the charge, merely saying the charge was criminal trespass to land and obstructing a peace officer. So, in a sense, the court, based in a great deal, it's finding on the fact there was no attempt to explain this charge to the defendant. And so, that's one case that's directly on point. Did you raise this argument in your initial brief, or at least what you're referring to now? Your Honor, I did raise the fact that the court did not elucidate the nature of the charge with regard to the obstructing charge. I believe that I specifically raised Montoya in response to, in reply to the state's response on that issue. Essentially, in this case, because Mr. McKee was not properly admonished, there is no possibility for him to have given a proper waiver in this case. This case really exemplifies why 401A and B exist, to make sure that someone has all of the information that they need prior to waiving such an important right as a right to counsel. In this case, the record does not show that he was properly admonished. The record does not show he was admonished at all as to one of the charges he faced, Your Honor. And for this reason, we are asking that this court reverse his convictions and remand for a new trial. Thank you. Any other questions? I have none. Thank you. Thank you. Thank you. You will have an opportunity to make rebuttal. Thank you. Thank you, Your Honor. Mr. Rodriguez, you may proceed. Thank you, Your Honors. And may it please the court. In this case, Your Honors, the trial court did not abuse its discretion in finding that the defendant's waiver of counsel was clear and unequivocal, and the trial court's substantial compliance with 401 admonishments did not constitute error. As the law makes clear, substantial compliance with 401A is sufficient to effectuate a valid waiver if the record as a whole demonstrates that the defendant waived his rights knowingly and voluntarily and the admonishments given did not prejudice the defendant's rights. In this case, the review of the entire record shows that the trial court substantially complied with rule 401A and that the admonishments given did not prejudice the defendant's rights. Well, counsel, I do have a question. I mean, he has several charges placed against him, and the judge only concentrates on one and does not even give us much, give him or us, as reading the record, much information about that one charge. How can we say that that is substantial compliance? I know we would like strict compliance, but that usually doesn't happen. But how can we say that what the judge did that we can hear or see or read was substantial compliance? Yes, Your Honor. So understanding that a review of substantial compliance necessitates consideration of the entire record as a whole, this court can look to both the common law record as well as the record of the proceedings to show that the defendant was admonished. Specifically in regards to that, at C6 of the common law record, was the jury waiver form that the defendant signed after being admonished by the court on June 15th of 2020, in which it very clearly lays out the defendant was admonished through the whole panoply of charges regarding both 401 as well as other rights that he's entitled to. And the trial court judge in that case made a further handwritten notation that he advised the defendant of representing himself pro se. He also checked the box that the defendant waived his right to jury and elected to proceed pro se. The defendant signed that document as well as the trial court. So the trial court affixing a signature onto that document attests that the court did that which it indicates in the document. And I think the law is pretty crystal clear in the issue that trial courts are presumed to know the law and they're presumed to conduct themselves in accordance with the law absent facts to the contrary. So which is why on the next date of July 20th, when the defendant appeared in court again, the record indicates when he begins speaking with the judge, oh, you now want an attorney. So there is a reference to the defendant's prior waiver and at no point in the record throughout the entirety of these proceedings does the defendant ever state, you know what, I actually did want an attorney, I didn't understand. There's multiple times where he's asked on the record proceedings, you want an attorney now, is that correct? Yes. And then when he equivocates a subsequent time and motions his cases up and says, I just want to proceed on my own, the court inquires whether he would like an attorney, whether he intends to hire one, whether he has resources. And the defendant says, I want to proceed. Yes, I understand. You could inquire to a public defender. I want to proceed on my own. So analyzing this context within the record, it's clear that both the common law record and the proceedings which incorporate the defendant's conduct show that his waiver was valid and that he intended to represent himself contrary to the assertions of the defendant. Mr. Rodriguez, are you no longer arguing that the issue was subject to a procedural default? No, Your Honor, I'm still making that argument. I just, if the court wants to discuss the meat of the admonishments, the people are happy to discuss that, though I do still stand on the position that the defendant failed to preserve this and that the procedural default does hold unless the court wants to consider this in the context of plain error. But I think under plain error, the defendant still fails and doesn't win the day. Well, let me follow up with that. Why isn't the holding in People v. Whitfield controlling here? Judge, I think the issue in this case is that it's not so much that the defendant's waiver, at least in regards to the issue, constitutes, as my friend on the other side was discussing, that it's a right that's sort of uniquely incumbent for the defendant to not have to, you know, object on his own. But I think the issue is that the defendant knew that he was entitled to an attorney, knew that he had these rights, and still proceeded. So it's the defendant's affirmative sort of disavowing of an attorney that I think controls and that the court should look at. Because contrary to certain situations in which a defendant equivocates, where it's not clear from the record that the defendant didn't in fact intend, and then that's what the court wants to get into in subsequent review, because the record is sort of murky on that issue. You don't really have that in this case, Judge. And the record's pretty consistent that the defendant intended to proceed on his own. I think the one subsequent statement he made on the 20th of July when he returned to the court saying, you know, I do want an attorney this time, I think that is more indicative of perhaps dilatory tactics on his part, which you see further on in the record when during sentencing he wished to have an attorney and goes back and proper admonishments were made in this case. Is that what you're saying? I'm saying considering the record, it's clear that both taking into account the jury waiver form in which the court indicated that did give those admonishments in addition to what was stated on the record, and that's clear from the record of the proceedings, that all in its totality constitutes substantial compliance. When you're talking about a court record, are you exalting form over substance? Don't the specific admonishments have some importance here? Your Honor, I think regarding the form, and I will note that the jury waiver form that's indicated lays out, you know, all the language that I indicated previously. I think the form over substance argument gets to the heart of, does the defendant understand the nature of the charges? I think this court's well aware that the law in regards to discussion of the nature of the charges doesn't mandate that the court go through every fact that's indicated in Pike and in Hardin that the people cited. It's a matter of informing the defendant what the charges are so that he can be apprised of them, which the record shows he was. He was informed both on the June 15th date as represented by the common law record and the subsequent statements made. The defendant never indicates that he doesn't understand. It's clear from the record and also from the record of the trial proceedings, he understood exactly what the obstruction, the facts related to obstruction were. He understood the facts related to the fleeing as well as the speeding. It wasn't an issue during trial where he misunderstood or the record evinces a representation that he was confused in any way. He both on cross of Inspector Lecker, which as well as during his testimony indicated he understood exactly the nature of the charges. So regarding that issue, it's clear that the trial court informed him both initially as well as subsequently that you're charged with a class A misdemeanor obstruction. The law says that's sufficient in and of itself to inform the defendant. And I think the issues that my friend on your side brought up regarding not being admonished about the second class A misdemeanor, it's sort of superfluous when you consider the context of the charges. They're both class A misdemeanors. There isn't anything particularly special about one misdemeanor over the other. They have the same maximum penalties, which the defendant was advised of. There wasn't any sort of mandatory consecutive sentencing, contrary to the argument my friend on the other side makes. So the defendant was advised you're charged with a class A misdemeanor. The maximum sentence would be a fine of $2,500 and 364 days in the county jail. That applies just as equally to the defendant's obstruction charge as it does to his fleeing. Mr. Narbigas, what about Ms. Danik's suggestion that where you have a charge of obstructing, simply telling the defendant you're charged with obstructing is insufficient? And she seemed to be citing some case law that said that. Your Honor, in regards to Montoy, which I believe is the case that the defendant discussed, the issue there was there was just no discussion whatsoever. And there was no indication on the record at all that the defendant had been advised. So I think the distinction with Montoy is that in this case, we do have additional references in the record regarding the defendant being admonished, as well as there is in the the defendant was arrested following the traffic incident, as indicated in exhibit A. And so I would argue that the defendant was aware of the charges because he would have gotten them the day he was arrested. The complaint indicated with specificity what the charges were. You're acknowledging though and or conceding that the court did not say anything more than give the reference to the charge of obstruction. There was no other further explanation as to basis of that charge, correct? Other than the June 15th day judge, which indicates that the court went through admonishing us in the nature of the charges, the common law record as to the 20th of July. I will acknowledge that the court doesn't go through as full of a discussion of obstruction, but that's also a function of what was occurring at the time, Judge. The defendant originally appeared on June 15th and was admonished by the court by another judge presiding over that case in a school due to the pandemic. And so then on the subsequent date, when the regular presiding judge was there, they reviewed the record and they were informed by the state that the defendant, this was not his first time, that in fact he'd previously appeared in court and waived. So the court acknowledged, at least it's implicit in the court's understanding that the defendant wasn't appearing for the first time and had no understanding of the charges. The prior judge who was sitting on June 15th, 2020, admonished the defendant. The court on July 20th understood that and recognized that based on the representations made by the state, which is why the court did not go through the process of re-admonishing the defendant since he had already been admonished previously. So are you saying that if there are two offenses of a similar class, especially here we have misdemeanors that carry the same penalties, substantial compliance is accomplished by the court just mentioning Class A misdemeanor by name and giving the maximum penalty, whether the trial judge says it's the maximum penalty for each of them or just the maximum thing that could happen to you as a result of these charges is 364 days in jail? Yes, Your Honor, because both of those charges would be Class A misdemeanors. So absent a specific unique factual circumstance with that charge, which requires either an enhanced penalty or something that would increase the maximum from the statutory maximum of a general Class A misdemeanor, if the court was to have said you've been charged with obstructing a police, a peace officer and fleeing and eluding, that's a Class A misdemeanor. The penalty is $2,500 fine and up to 364 days in DuPage County Jail. The defendant would have understood completely, which is exactly what the court did in essence. It indicated the maximum penalty the defendant was susceptible to. The fact that he received the sentence below that negates the requirement that the court had advised him of the minimum, since really the consideration of the maximum is what courts look at when determining whether substantial compliance with 401A has been effectuated. Because it's the maximum possible penalty, including incarceration, that is the fact that it's going to make the defendant consider whether or not he intends to waive and proceed on his own. And that's kind of the consideration underlying the maximum. The fact that the defendant could have received court supervision, I don't think is ultimately going to change his decision on whether or not he would have proceeded pro se or not. It's the maximum that's of concern and that the law sort of special consideration that the defendant be admonished of. Is there any indication in this record that the presiding judge knew or didn't know that maybe there would be an issue of consecutive sentencing in this case? There isn't, Your Honor, but I would argue that that's, and the defendant makes a point on that, it's essentially a red herring argument. There is no consecutive sentencing, either the mandatory provisions nor permissive consecutive sentencing. And if I could just kind of address that point briefly, the requirement to admonish the defendant about consecutive sentencing is conditional in Rule 401 when it is applicable. The plain language of the rule states that you're not required to admonish someone about the potential for consecutive sentencing when it doesn't apply in that case. And in this specific case, Your Honor, the defendant cites that under 730 ILCS 5-5-4.5-55G, the defendant was entitled to be admonished as to that. That section just states that a sentence shall be consecutive or concurrent as provided in Section 5-8-4, which is the consecutive sentence provision. That section says that mandatory is required when the defendant is charged with a number of enumerated offenses, which are serious felonies, including first-degree murder and serious sex offenses, obstructing a peace officer, and fleeing and eluding are not in the class of enumerated offenses as indicated in 5-8-4 under the mandatory section. Under the permissive section, the court could have engaged in consecutive sentencing if it had made a specific finding that justice required and the safety of the public that the defendant be sentenced. I see that my time is up, so I would like to briefly conclude that point. The court never made that finding. The state never requested for any mandatory consecutive sentencing to be applied, so the defendant didn't need to be advised of it, Your Honor, and I think ultimately that argument obscures the point and seeks to draw the court away from the substantial compliance with the admonishments. Your Honors, in conclusion, the defendant claims that the trial court did not substantially comply with Rule 401. That representation is unsupported by review of record as a whole. The admonishments the defendant received complied, excuse me, coupled with the statements and the actions prior to and during the trial supported a finding that the trial court substantially complied with 401A, such that plenary review as the defendant requests is improper. I'd ask for the reasons stated in the people's brief and in the arguments today that you refer to the defendant's conviction and sentence. Thank you. Any other questions? I have none. Thank you. No, thank you. Counsel, you indicated the common law record reflected this and that, and it supposedly reflected that the judge checked the box or indicated that he had admonished the defendant appropriately. Did you not say that? I did, Your Honor. Was a transcript of that proceeding unavailable because there was no court reporter? It was, Your Honor. In the record on appeal there is a affidavit from the court reporter, Vicki Cohen, who indicated that she was not present due to the pandemic. She was being requested at another courthouse. This proceeding occurred at an auxiliary facility at a high school due to the pandemic, Judge. And I would just argue that substantial compliance in this case has to recognize the unique circumstances that occurred. This isn't a situation like in Montgomery where this court was concerned with just the state saying there wasn't a, you know, ability to have the reporter there due to administrative issues, due to scheduling. This occurred due to the pandemic, due to the reinitiation of trials. The courts all over were grappling with this issue and trying to use the resources as effectively as possible and judiciously as possible. So I think analyzing substantial compliance in this context requires the court to understand that overall context and why the court reporter wasn't present and why that's so factually distinguishable from Montgomery in a situation I don't think the court ever would have considered in Montgomery. Connors, let me ask you a pointed question. Are you saying that we would excuse the failure to comply with 401 because of the pandemic? Your Honor, I'm saying in this specific case, not that you would forego, but understanding the entirety of the record has to consider the and it's not merely a situation like in Montgomery where the court was concerned with a court reporter just not being available due to scheduling and therefore that excuse compliance with 401B. The reason there was no transcript of the June 15th proceedings was due to the pandemic and due to the administrative orders at place that required this trial court to sit in an auxiliary high school seating setting while there was another trial going on that required the court reporter. So it's the unique circumstances that have to be taken into account when reviewing the record as a whole, specifically in this case, given the reasons why the court reporter wasn't available. Your Honor. So you're essentially saying that if the pandemic created a problem on day one, then on day 15 or on day 30, when there is a court reporter present, that the state is no longer required to prepare a transcript and the court is no longer required to properly admonish the defendant relative to the 401B section. Is that correct? No, Your Honor, that's not correct. The requirements for 401B needed to occur and did occur in this case. The situation regarding the transcript and which underlying it sort of animated the court's discussion in Montgomery is there needed to be something in the record that indicated that the defendant was admonished. The transcript was sort of identified as the gold standard in that situation, whereas in this case or in Montgomery, the bystander report was insufficient because it didn't indicate anything other than the defendant was admonished pursuant to 401. In this case, you have, in addition to the common law record, jury waiver notice, the facts and the statements of the defendant and his conduct, which shows that he did engage in a valid waiver and conducted himself in conformity with that decision throughout the entirety of the case, which helps the court analyze this situation in a way that the court couldn't analyze it in Montgomery. Any other questions? I have none. No, thank you. Thank you. Thank you, Your Honor. Thank you, sir. Ms. Danek, you may proceed. Thank you, Your Honor. I just have a couple of questions, a couple of points that I'd like to address that the state made. First, with regard to the state's argument about the pandemic, they've cited no authority on this and they did not raise it in their response. And so for that reason, we would ask that this court consider that point to be in terms of this case. The case was very clear that plain error applies and that this falls under second-pronged plain error. Those cases are People v. Heron, 215, ILAP 2D, People v. Keene, 169, ILAP 2D1, and People v. Black, specifically 2011, ILAP 5, 080089, holding that noncompliance with Rule 401 is reversible under second-pronged plain error as the right to counsel is a fundamental right. The state goes on to suggest that the first court date, the jury waiver form, somehow relieves the court of its duty to properly admonish the defendant at the later court date. However, there's really nothing different to the handwritten waiver than there would be to a bystander's report. The handwritten waiver doesn't say that he was admonished, which charges he was admonished about. It doesn't say what those specific maximum or minimum sentences were. It's basically just a signed blanket statement that he was quote-unquote admonished. The state does include a handwritten notation. Defendant was admonished, R.E., you know, the opportunity for counsel. However, in looking at the totality of the record, you can also see that there was a handwritten note put on the July 20th court date saying that the defendant was advised regarding his right to counsel. And so the corollary there is you can take a look at the July 20th admonishments and see that those were insufficient. And so it really doesn't make sense to somehow impute that they were sufficient on the 15th of June simply because that statement was handwritten in. The state also continually seems to state that because Mr. McKees, according to the state, his waiver was knowing involuntary, that this was somehow sufficient. But a knowing involuntary waiver is just a secondary consideration in the case of substantial compliance. A waiver cannot be knowing or voluntary if there was no compliance or if there was no substantial compliance. The knowing involuntary portion that has been discussed in case law is simply an exception to a requirement that there be strict compliance. It's not to excuse a lack of proper admonishment simply because the case may or may not have included a knowing or voluntary waiver. And a very recent case, People v. Martin from 2021 out of the Fourth District, dealt with this exact issue. And that court said, quote, we have no doubt after considering the entirety of the record that defendant knowingly waived his right to counsel. The record reveals his insistence on self-representation to the extent that one point he was beseeching the court to allow him to do so. However, where there's no compliance with Rule 401, there's no knowing involuntary waiver. And that court really just set out very, very specifically in very strong words, the case law that was already in place explaining that any consideration of a knowing involuntary waiver is secondary to determine whether there was substantial compliance, not to negate the requirement for the court to comply. The state also mentions that there was no need for the court to go through every single fact as to the obstructing case. However, the court didn't go through a single fact as to the obstructing case. The court did not even mention the one component of that case that set out in the statute is that it must be done knowingly. And so this is different than, you know, the requirement that the court list off specifically an entire detailed list of what had happened. There was no admonishment at all as to the nature of the case. The state also points out that Mr. McLean... Can I interrupt and ask you how would the defendant be prejudiced if he were told or not told that it had to be knowingly? If knowingly is an element that is a burden of the state to establish, how would the fact that he was not admonished about this additional burden would necessarily make him decide to represent himself instead of seeking counsel? Your Honor, I can address that in two different ways. One, as to the specific facts of the case, him knowing what had happened in the case and the potential that the knowing element was possibly the most important issue that was litigated during the actual testimony of the trial. Particularly, did he do this knowingly or did he do this because, you know, he had an emergency and needed to go to the hospital? And again, the burden is not on the state. To that question, really, it's illogical to have to ask the defendant to show prejudice, basically, that but for the omission of the admonishments, he would have continued to represent himself or choose counsel. Am I to understand that it's the state's burden to establish substantial compliance as opposed to your burden to establish that substantial compliance wasn't proven? Your Honor, it is the burden of the state to show when the rule, even 401A, when that is not strictly complied with, it is the burden of the state to show substantial compliance and through that, knowing waiver of the right to counsel. Essentially, the state mentioned in its brief that, you know, nowhere did the defendant raise the issue about how he would have been prejudiced. The problem with that argument is any factual representation for us to be able to, for the defendant to be able to say to you, to the appellate court that but for these admonishments, he would have chosen to ask for an attorney. There's nothing in the record to cite to that. Essentially, the state is asking us, the defendant on appeal to somehow acknowledge that to show the way that he was prejudiced. And so, a pro se defendant fundamentally wouldn't know that the admonishment was required in the first place unless that defendant was familiar with 401A. And so, in requiring a defendant to be familiar with that rule, it conflicts with the very purpose of the and to proactively impart to the defendant the requisite knowledge for a valid waiver of counsel. And to sort of require the defendant to prove or to say on appeal that he was prejudiced really begs the question because of basically the lack of any kind of factual basis to state that from the record. So, you're saying that this was structural error? Yes. In Montoya, does the record or the case indicate what the complaint stated? Or is the record devoid of the contents of the complaint that was found to be apparently insufficient to give notice to the defendant what the charge was? Your Honor, I do not believe that case actually sets forth what precisely was said in the complaint. However, in making its findings, the judge did consider potentially whether the charge would have been adequately explained by the complaint. And so, it does add that in there, but there's no specific... As best I can tell, Your Honor, there's at least under the section. So, we don't know whether or not the judge's opinion or interpretation of the complaint was sufficient or not? No. That was the second issue that was raised on appeal. Basically, that the complaint was not sufficient. So, in that case, they raised both of those issues on appeal. In this case, essentially, what distinguishes a complaint from the admonishments is that a complaint has to be sufficient in order to bring the case. There's a separate remedy if a complaint is not sufficient. Merely because a plaintiff's sufficient does not absolve the court from having to give the appropriate admonishments under 401. And so, sort of the way that those two things, the state seems to kind of conflate those doesn't make logical sense either because the remedy is different. The requirements and the purpose of those two things, the complaint and the admonishment, they serve separate goals. I have no further questions. Anybody else? I do not. No, thank you. Thank you. We will take the case under advisement and render a decision in apt time. Thank you. Thank you. Thank you, counsel. Mr. Clerk, you may close out the proceedings.